UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

 Plaintiff,           Criminal No. 15-CR-20493-01

vs.                HON. BERNARD A. FRIEDMAN

EDWARD LEE FOSTER,

 Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

  Defendant has filed a motion in this matter for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [docket entry 72]. Defendant indicates that he is forty years old and has asthma, obesity, diabetes, schizoaffective disorder, high cholesterol, and high blood pressure. *See* Def.'s Br. at 2. Defendant argues that "[b]ecause of his age and severe medical conditions, [he] is at greater risk of dying than other inmates if he contracts COVID-19." *Id.*

  The Court must deny this motion because defendant has not shown that he has complied with the statute's exhaustion requirement. Section 3582(c)(1)(A) states that

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that— (i) extraordinary and compelling reasons warrant such a reduction . . . .

The Sixth Circuit has held that this exhaustion requirement is mandatory, and that if a defendant files a motion seeking relief under this section without first complying with § 3582(c)(1)(A), the district court must deny the motion without prejudice. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

In the instant motion, defendant recognizes that exhaustion of administrative remedies is a prerequisite for seeking relief from this Court. *See* Def.'s Br. at 5, 7. However, defendant has not provided evidence of exhaustion, such as a copy of his request or the warden's response. It is defendant's burden to show that he has satisfied the exhaustion requirement, *see United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases), and in these circumstances defendant has not met this burden. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied without prejudice.

                                s/Bernard A. Friedman  
Dated: August 21, 2020           Bernard A. Friedman  
    Detroit, Michigan          Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on August 21, 2020.

**Edward Lee Foster,** #51234-039        s/Johnetta M. Curry-Williams  
Morgantown Federal Correctional Institution  Case Manager  
Inmate Mail/Parcels  
P.O. BOX 1000  
MORGANTOWN, WV 26507