UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                            Criminal No. 15-CR-20493

vs.                                                                HON. BERNARD A. FRIEDMAN

EDWARD LEE FOSTER,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S PETITION FOR COMPASSIONATE RELEASE

This matter is presently before the Court on defendant's petition for compassionate release [docket entry 75].[1] The government has filed a response in opposition. The defendant has not filed a reply and the deadline for doing so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this petition without a hearing. For the reasons stated below, the Court shall deny the petition.

Defendant, a detainee at USP Lompoc in Lompoc, California, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[2] because of the prevalence of the Coronavirus within Federal

---

[1] Though defendant filed his petition with the Court on October 16, 2020, because defendant's filing was labeled a "petition," rather than a "motion," the Court's electronic filing system did not flag it as an outstanding matter before the Court. The petition was only discovered after the Court conducted a manual search for similarly mislabeled filings on March 4, 2021. The Court proceeded to order a response from the government, which was filed on April 8, 2021 [docket entry 78].

[2] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—

Bureau of Prisons ("BOP") facilities. Def.'s Br. at 1-2 (PageID.470-71).

The Sixth Circuit has clarified "how district courts, following the enactment of the First Step Act, should analyze defendant-filed motions seeking release under § 3582(c)(1)(A)." *United States v. Hampton*, No. 20-3649, 2021 WL 164831, at *1 (6th Cir. Jan. 19, 2021).

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions.

*Id*. (citations omitted).

The Court has considered these factors and concludes that compassionate release would not be appropriate in this case. First, the Court is aware that defendant's underlying health conditions – asthma, diabetes, high blood pressure, and obesity – increase or might increase his risk of severe illness from COVID-19, according to the Centers for Disease Control and Prevention. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 16, 2021); *see also* Def.'s Br. at 1-2 (PageID.470-71). However, the government notes that defendant's "medical records do not support a moderate to severe case of asthma. And his

---

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . .

2

hemoglobin A1c levels and most recent blood pressure readings do not show any levels of diabetes or high blood pressure." Pl.'s Br. at 12; *see also* Pl.'s Sealed Exs. B-D. Defendant was also offered the Pfizer COVID-19 vaccine on December 29, 2020, which he refused. *See* Pl.'s Sealed Ex. D, at PageID.705.

Additionally, defendant has not shown that the risk of infection at USP Lompoc is unacceptably high. The number of active cases at the facility is quite low, with the BOP reporting only three active cases of COVID-19 (zero inmates and three staff). *See* https://www.bop.gov/coronavirus (last visited Apr. 16, 2021). This Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). Therefore, the Court is not persuaded that the threat to defendant's health is so severe as to constitute an extraordinary and compelling circumstance within the meaning if the compassionate release statute.

Further, the seriousness of the offense for which defendant was sentenced in this case demonstrates that he would be a danger to the community if released. Section 3582(c)(1)(A) specifically limits compassionate release to defendants who are "not a danger to any other person or the community." "An evaluation of dangerousness in this context requires a comprehensive view of community safety – a broader construction than the mere danger of physical violence." *United States v. Smith*, No. 14-20814, 2020 WL 5071176, at *2 (E.D. Mich. Aug. 26, 2020)

3

(internal quotations and citations omitted). The Court sentenced defendant on July 6, 2016, to a 120-month prison term, pursuant to a Rule 11 Plea Agreement wherein defendant pled guilty to conspiracy to possess with the intent to distribute heroin.[3] This Court has previously held that a defendant, though not charged with a violent offense, may still be deemed a danger to the community based on drug trafficking charges. *See United States v. Knight*, No. 15-cr-20283, 2020 WL 2055987, at *3 (E.D. Mich. June 9, 2020) (citing *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010)) (noting that the Sixth Circuit "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without indication that the defendant has engaged in violence"). The danger defendant poses to the community is apparent.

Finally, the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020). When making sentencing determinations, courts are required to consider "the nature and circumstances of the offense," § 3553(a)(1), as well as "the need for the sentence imposed" "to promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." § 3553(a)(2)(A)-(C). While the sentencing guideline range contained in defendant's plea agreement was 210-262 months, *see* Plea Agreement at 3, the Court sentenced

---

[3] The factual basis for defendant's guilty plea is set forth in the plea agreement at paragraph 1C as follows:

> From at least May 2015 until at least July 2015, the defendant Edward Lee Foster was obtaining heroin from an out of state drug supplier. Foster would obtain the heroin through the mail and would add diluents (or "cut) to the heroin and re-sell it to Detroit customers. For example, on June 18, 201[5], Foster was arrested while in possession of approximately one kilogram of heroin that he was intending to distribute. Foster stipulates that the amount of heroin involved in the conspiracy exceeded one kilogram.

defendant to the statutorily required minimum of 120 months' imprisonment. *See id*. at 4; Sent'g Tr. at 30-31. At sentencing, the Court made clear that defendant's ten-year sentence was necessary for general and specific deterrence and to protect the safety of the public. *See* Sent'g Tr. at 29-31. Defendant has served less than half of his sentence to date. Releasing defendant now would undermine the purposes of the above-referenced § 3553 factors. Accordingly,

IT IS ORDERED that defendant's petition for compassionate release is denied.

Dated: April 19, 2021
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 19, 2021.

Edward Lee Foster #51234-039
Lompoc Federal Correctional Institution
Inmate Mail/Parcels
4000 VICTORY RD.
LOMPOC, CA 93436

s/Johnetta M. Curry-Williams
Case Manager